## CREDITOR BOUND BY HIS BOOKKEEPER'S APPLICATION OF PAYMENTS.

Circuit Court of Cuyahoga County.

WM. L. RICE, TRUSTEE OF CHARLES T. TODD, v. THE McINTYRE-SKINNER TRUNK CO.

Decided, December 7, 1908.

*Application of Payments.*

Where a creditor through his bookkeeper has made a certain application of payments received from his debtor, he will not be permitted later to make an application different from that indicated upon his books.

*Blandin, Rice & Ginn,* for plaintiff.
*Weed, Miller & Nason, Paul Howland* and *Klein & Harris,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal of an action to enforce the primary and secondary liability of stockholders for rent and reimbursement of taxes due from the defendant corporation. The tenancy was at first under a written lease and later by holding over, and the rent was payable monthly but fell into arrears during the

original term and was never fully caught up by the several sums afterwards paid. The question now is one of the application of payments, as to which no direction was given by the tenant when he made them. If the sums paid by the tenant during the period of holding over are applied not on the rent then accruing but on its old arrears, the amendment of the Constitution, which meanwhile became effective, would prevent the right of recourse to the stockholders liability for the remainder from arising. The plaintiff herein kept an account by his bookkeeper, wherein the debits for installments of rent and disbursements are balanced in regular order of time by the payments made so far as they go. This application was not communicated to the tenant, and after the latter's failure, the plaintiff sought by his petition herein to make a different application suited to the relief which he asks. His right to make any application he pleased is undoubted in the absence of a direction expressed by the tenant or implied by the circumstances. But the circumstances here, while not making a case of partial payments on an open running account, is nevertheless so closely analogous thereto as to imply in law an intention to apply them precisely as the bookkeeper did apply them. The result is that no resort can be had to the secondary liability of the stockholders. As to the primary liability of two subscribers to the capital stock who sought to withdraw from all connection with the company before any part of the liability accrued, it is enough to say that the subscriptions were never lawfully or effectually canceled, and a decree may therefore be taken for the amount thereof.